UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUDSON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN STATE BROKERS, INC., et al.,<br><br>Defendants. | No. 1:18-cv-00907-DAD-SKO<br><br>ORDER DIRECTING THE CLERK TO TERMINATE CERTAIN DEFENDANTS<br><br>(Doc. 169) |

On February 12, 2019, Plaintiff filed a "Notice of Voluntary Dismissal of Certain Defendants," dismissing without prejudice the following defendants:[1]

GOLDEN STATE BROKERS, INC., a California corporation;

AMANDIP SINGH SHOKER, an individual;

ACCURATE TRANSPORTATION, INC., an Ohio corporation;

ADI TRUCKING, INC., an Illinois corporation;

ADLUNES EXPRESS, LLC, a Michigan limited liability company;

AGX FREIGHT CARRIERS, LLC, a Georgia limited liability company;

---

[1] In addition to the defendants listed above, Plaintiff also seeks to voluntarily dismiss Defendants Baylor Trucking, Inc.; Insight Technology, Inc.; J D Factors, LLC; Imperium Systems, Inc.; and Bibby Transportation Finance. (*See* Doc. 169.) These defendants, however, were previously dismissed on October 29, 2018. (*See* Doc. 29.)

APEX CAPITAL CORPORATION, a Texas corporation;

BAXTER BAILEY & ASSOCIATES, a Mississippi corporation;

COMPASS FUNDING SOLUTIONS, LLC, an Illinois limited liability company;

SUMMAR FINANCIAL, a Florida limited liability company;

CAPITOL CITY TRUCKING, LLC, a limited liability company;

CARGO TRANSIT CORPORATION, an Illinois corporation;

CENTURY FINANCE, a limited liability company;

CONICK LOGISTICS, INC., an Illinois corporation;

EASY GO TRANSPORTATION, a business entity form unknown;

ENGLAND CARRIER SERVICES, a business entity, form unknown;

FC LOGISTICS, LLC, a limited liability company;

GREEN ARROW TRANSPORT, a business entity, form unknown;

HAINES TRANSPORTATION, INC., an Idaho corporation;

IIK TRANSPORT, INC., an Illinois corporation;

INFINITY TRUCKING, a business entity, form unknown;

INTERSTATE CAPITAL CORPORATION, a Texas corporation;

L&Y LOGISTICS, INC, a Texas corporation;

LIV TRANSPORTATION, INC., an Illinois corporation;

MARRLIN TRANSIT, a business entity, form unknown;

MEERA TRUCKING, LLC, a limited liability company;

NATIONAL EXPRESS, a business entity, form unknown;

PARIKH FINANCIAL, LLC, a limited liability company;

PAWAR TEAM, INC. DBA TEAM TRANSPORT, a Connecticut corporation;

RENATO TRUCKING, INC., an Ohio corporation;

REECE TRANSPORT EXPRESS, INC. a Washington corporation;

REED TRANSPORT SERVICES, INC., a Florida corporation;

RIVIERA FINANCE, a business entity, form unknown;

RTS FINANCIAL SERVICES, INC., a Texas corporation;

SAS TRANS, a business entity, form unknown;

SQUARED FUNDING, a business entity, form unknown;

STEELHEAD FINANCE, a business entity, form unknown;

STEWART LOGISTICS, LLC, a limited liability company;

TBS FACTORING SERVICE, LLC, a limited liability company;

THE GOLDEN B, LLC, a limited liability company;

THUNDER FUNDING, dba Thunder Carrier Services, LLC, a California corporation;

TRANSAM FINANCIAL SERVICES, INC. a Missouri corporation;

TRIUMPH BUSINESS CAPITAL, a business entity, form unknown;

YHL LOGISTICS DBA FLYING HORSE TRANSPORTATION, a business entity, form unknown;

YONAS, LLC, a limited liability company

(Doc. 169.)

In relevant part, Rule 41(a)(1)(A) provides as follows:

> [A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Because Plaintiff filed a notice of dismissal of this case before the above-named defendants served either an answer or a motion for summary judgment, this case has automatically terminated as to those defendants. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly, the Clerk of Court is directed to TERMINATE the above-named defendants. This case shall remain OPEN pending resolution of Plaintiff's case against the remaining defendants.

IT IS SO ORDERED.

Dated: __**February 14, 2019**__         /s/ *Sheila K. Oberto*
                   UNITED STATES MAGISTRATE JUDGE